**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

PAUL S. CHAPMAN,

    Petitioner,

v.                                                                                              Case No. 19-11247

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING "PETITION FOR WRIT OF
HABEAS CORPUS," GRANTING "MOTION FOR LEAVE TO FILE SUR-REPLY
BRIEF," AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Paul S. Chapman, incarcerated at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his *pro se* application, Petitioner challenges his sentence as a career offender pursuant to U.S.S.G. § 4B1.1. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. BACKGROUND**

Petitioner was charged with one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), two counts of possession with attempt to distribute cocaine, 21 U.S.C. §§ 841(a)(1), one count of possession with attempt to distribute heroin, 21 U.S.C. §§ 841(a)(1), and one count of possession with attempt to distribute marijuana, 21 U.S.C. §§ 841(a)(1). Petitioner was convicted by a jury on February 3, 2003. (Case 02-80713, ECF No. 34.)

Petitioner qualified as a career offender under the United States Sentencing Guidelines based on two prior drug convictions out of the State of Michigan. One was a

1987 conviction for possession with intent to deliver cocaine, less than fifty grams, and the other a 1992 conviction for attempted possession with intent to deliver cocaine, less than fifty grams. Petitioner's career offender enhancement resulted in a sentencing guidelines range on his most serious offenses of 360 months to life. On May 6, 2003, the court sentenced Petitioner to 360 months imprisonment on counts two, three, and four and 120 months on the remaining counts, served concurrently. (Case 02-80713, ECF No. 37, PageID.142.) Petitioner's conviction was affirmed on appeal. *United States v. Chapman,* 112 F.App'x. 469 (6th Cir. 2004).

Petitioner filed a post-conviction motion to vacate sentence under 28 U.S.C. § 2255, which was denied. *United States v. Chapman*, No. CIV. 06-CV11127-DT, 2006 WL 2160967 (E.D. Mich. July 31, 2006), *appeal dismissed*, No. 06-2154 (6th Cir. July 5, 2007).

Petitioner filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), which was denied. (Case 02-80713, ECF No. 77.) That decision was affirmed on appeal. *United States v. Chapman*, No. 09-1842 (6th Cir. Feb. 22, 2010).

Petitioner has now filed a petition for writ of habeas corpus, in which he challenges his career offender enhancement. Petitioner argues that he is actually innocent of being a career offender because his 1992 attempt conviction cannot be used as a predicate offense to enhance his sentence under the U.S. Sentencing Guidelines.

## II. DISCUSSION

Petitioner claims that his 1992 conviction for attempted possession with intent to deliver cocaine does not qualify as a predicate controlled substance offense under the

career offender provisions. Petitioner bases his claim on the recent Supreme Court decision of *Mathis v. United States,* 136 S. Ct. 2243 (2016) and the earlier decision of *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013).

A federal prisoner may challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241 only if the post-conviction remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus cannot be used as an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *Id*. Further, the remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner was procedurally barred from pursuing relief under § 2255, or because the petitioner was denied permission to file a second or successive motion to vacate sentence. *Wooten,* 677 F.3d at 303. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, does not mean that the remedy provided by such motion is inadequate or ineffective so as to allow the petitioner to seek habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F.Supp. 2d 731, 733 (E.D. Mich. 2000).

3

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may obtain habeas relief under § 2241 based on "a misapplied sentence." To do so, the petitioner must establish "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* at 595. Challenges to a sentencing enhancement as a career offender can be brought under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 599-600.

Petitioner has satisfied the first prerequisite under *Hill* for sentencing enhancement as a career offender. He was sentenced under the mandatory guidelines provisions that existed prior to *Booker.*

Petitioner also meets the second prerequisite, given that he cannot file a successive § 2255 motion to vacate sentence. The Supreme Court holdings in *Mathis* and *Descamps* involve statutory interpretation, as opposed to a new rule of constitutional law, which is required to file of a successive motion to vacate sentence. *Potter v. United States,* 887 F.3d 785, 788 (6th Cir. 2018); *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *Goins v. United States*, 2017 WL 6546952, at * 1 (6th Cir. June 26, 2017).

Petitioner, however, is unable to satisfy the third prong of *Hill*. He fails to point to any Supreme Court decision that retroactively holds that an attempted controlled substances conviction cannot be used as a predicate offense for the career offender enhancement under the U.S. Sentencing Guidelines.

A defendant is subject to an enhanced sentence under the guidelines if he is a career offender. U.S.S.G. § 4B1.1. The career offender enhancement applies if, among other things, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

The Sixth Circuit has held repeatedly that Michigan's controlled substance statute categorically qualifies as a "controlled substance offense" despite numerous challenges to the law under *Mathis*. *United States v. House*, 872 F.3d 748, 753–54 (6th Cir. 2017); *United States v. Williams*, 762 F. App'x 278, 281–82 (6th Cir. 2019); *United States v. Pittman*, 736 F. App'x 551, 554–56 (6th Cir. 2018); *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018); *United States v. Tibbs*, 685 F. App'x 456, 462–63 (6th Cir. 2017).

Application Note 1 of U.S.S.G. § 4B1.2 explains that the term "controlled substance offense," for purposes of the career offender sentencing enhancement, includes the attempt to commit a controlled substance offense. U.S.S.G. § 4B1.2 cmt. 1. The Sixth Circuit until recently had held that the attempted possession with intent to deliver a controlled substance qualifies as a predicate offense under the career offender sentencing enhancement. *United States v. Evans*, 699 F.3d 858, 866-68 (6th Cir. 2012).

However, in *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019) (en banc), the Sixth Circuit held that the U.S. Sentencing Guidelines' definition of "controlled

5

substances offenses" does not include attempt crimes because the Sentencing Commission overstepped its authority when it expanded the applicability of U.S.S.G. § 4B1.2 without subjecting the rule to congressional review or notice or comment. *Id.* at 386-87.

Petitioner is unable to avail himself of the *Havis* decision because it has not been made retroactive to cases on collateral review, including motions to vacate sentence. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019). Further, the Sixth Circuit's decision in *Havis* is not a Supreme Court case involving a retroactive change in statutory interpretation. *See Goddard v. United States*, 2019 WL 3290118, at * 3 (E.D. Ky. July 22, 2019). Finally, in holding that an attempted possession with intent to deliver controlled substances conviction does not qualify as a predicate offense, the Sixth Circuit did not rely on the holdings in *Descamps* and *Mathis,* but relied on the Administrative Procedure Act and the separation of powers between an agency of the judicial branch—the U.S. Sentencing Commission—and Congress. *Havis*, 927 F.3d at 385–86. Petitioner has not satisfied the third prong of the *Hill* test and is thus not entitled to habeas relief.

Although the court will rule against Petitioner, he has already filed a motion to submit a sur-reply brief and attached the brief to it. The government failed to file its response in a timely manner and Petitioner was left without access to the response when he wrote his original reply. Therefore, the court will allow petitioner to submit the sur-reply brief for the record. Also, given that an appeal can be taken in good faith, the court will grant Petitioner leave to appeal *in forma pauperis*. *Foster v. Ludwick,* 208 F.Supp. 2d 750, 765 (E.D. Mich. 2002).

### III. CONCLUSION

Petitioner does not provide the court with a Supreme Court decision that retroactively prevents Petitioner's prior convictions from being considered for career offender enhancement. Petitioner fails the third prong of the *Hill* test and cannot obtain relief under § 2241. The court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed by a federal prisoner under 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly,

IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to File Sur-Reply Brief" (ECF No. 10) is GRANTED.

Lastly, IT IS ORDERED that leave to proceed *in forma pauperis* on appeal is GRANTED.

                                              s/Robert H. Cleland          /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: November 5, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 5, 2019, by electronic and/or ordinary mail.

                                              s/Lisa Wagner               /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-11247.CHAPMAN.DenyingHabeas2241.DB.docx